**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**GARY D. WOODY,**                        )
                                          )
                    **Petitioner,**       )
                                          )
**v.**                                    )          **Case No. 16-CV-0022-CVE-TLW**
                                          )
**JANET DOWLING, Warden,**                )
                                          )
                    **Respondent.**       )

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2241 habeas corpus action.  Petitioner is a state inmate in custody at Dick Conner Correctional Center (DCCC) and appears pro se.  Petitioner filed his petition (Dkt. # 1) on January 13, 2016.  In response to the petition, Respondent filed a motion to dismiss (Dkt. # 6).  Petitioner filed a response (Dkt. # 10), and Respondent filed a reply (Dkt. # 14).  For the reasons discussed below, the Court finds that the petition was not timely filed.  Therefore,  Respondent's motion to dismiss based on expiration of the one-year statute of limitations is granted.  The petition for writ of habeas corpus is dismissed with prejudice.

***BACKGROUND***

Petitioner states that he is presently incarcerated pursuant to convictions and sentences entered in Oklahoma County District Court, Case No. CF-1990-1710.  <u>See</u> Dkt. # 1 at 1.  He does not challenge the validity of his convictions in this action; instead he challenges the administration of his sentences by the Oklahoma Department of Corrections (DOC).  <u>Id.</u> at 2.  Petitioner explains that "[o]n or about March 17, 2013, the Oklahoma Department of Corrections' Unit Adjustment Review Committee, Unit Treatment Team and Unit Classification Committee arbitrarily and

administratively deemed Petitioner ineligible for earned time credits for Class Levels 3 and 4, which was finally granted on October 1, 2015."[1] Id. Petitioner identifies two grounds of error, as follows:

> Ground One:   Petitioner is being unlawfully restrained of his liberty in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, due to an arbitrary denial of the state-created liberty interest as set forth in Title 57 O.S. § 138.

> Ground Two:   Equitable due process redress by reduction of J & S due to State's inaction under Interstate Agreement on Detainers.   State inaction to effectuate custodial restraint by detainer or warrant at the date and time Petitioner was released Sept. 2006 to his freedom from Florida DOC.

Id. at 4-5.   In his request for relief, Petitioner asks that the time remaining to be served on his sentences be reduced by 682 days.   Id. at 5.

The record provided by the parties includes Petitioner's Consolidated Record Card (CRC). See Dkt. # 6-2.   The CRC demonstrates that on December 16, 1998, Petitioner's status was "escapee at large."   Id. at 4.   He was not returned to DOC custody until November 2, 2012.   Id.

On March 5, 2013, Petitioner submitted a request to staff, see Dkt. # 6-4, asking that he be credited with time spent in custody in Florida on sentences "that were plea bargained by me to run concurrent with my present OK sentence."   After being denied relief, he submitted a grievance on March 25, 2013, DCCC 13-011, again requesting that he be credited with time served in custody in Florida.   See Dkt. # 6-5.   After again being denied relief by the reviewing authority, Petitioner appealed to the Administrative Review Authority (ARA).   See Dkt. # 6-6 at 1-2.   On April 22, 2013, the Director's Designee affirmed the reviewing authority's response and denied relief.   Id. at 4.

---

[1]In Oklahoma, inmates have the opportunity to earn sentence credits which reduce the length of their imprisonment.   Okla. Stat. tit. 57, § 138.   The number of earned credits that an inmate may receive is determined by his or her placement in one of four security classification levels.   Id.

2

On July 2, 2014, Petitioner submitted a request to staff requesting that he be credited with time spent in custody in California.  <u>See</u> Dkt. # 6-7.  On July 14, 2014, he was advised to contact Sentence Administration to resolve any discrepancy.  <u>Id.</u>  On August 19, 2014, Petitioner submitted a second request to staff again requesting that he be credited with time spent in custody in California.  <u>See</u> Dkt. # 6-8.  This time, on August 28, 2014, he was directed to bring his concerns to his facility Records Officer.  <u>Id.</u>  On September 3, 2014, Petitioner submitted a third request to staff concerning sentence credits for time spent in custody in California.  <u>See</u> Dkt. # 6-9.  On September 9, 2014, Petitioner was advised that "a sentence administration auditor will be at our facility the first week of October" and his request would be considered at that time.  <u>Id.</u>  On September 29, 2014, Sentence Administration Auditor Tonia Dickerson sent a Memorandum to Petitioner explaining that he had received all sentence credits to which he was entitled.  <u>See</u> Dkt. # 6-10.

In response to the motion to dismiss, Petitioner provides additional administrative records. Those records demonstrate that, on March 2, 2015, Petitioner submitted a request to staff requesting "restoration of my correct level back dated to when it was taken, Level 4."  <u>See</u> Dkt. # 10 at 14. Petitioner's request was denied on March 11, 2015.  <u>Id.</u>  Thereafter, on March 27, 2015, Petitioner submitted a grievance, DCCC 15-017, concerning his classification level.  The reviewing authority denied relief on April 1, 2015.  <u>Id.</u> at 13.  He appealed to the ARA.  <u>Id.</u> at 12.  On June 18, 2015, the Director's Designee affirmed the reviewing authority's response and denied relief.  <u>Id.</u> at 11.

On January 13, 2016, Petitioner filed the instant petition for writ of habeas corpus, challenging the administration of his sentence.  <u>See</u> Dkt. # 1.  In response to the petition, Respondent filed a motion to dismiss, alleging that the petition is time barred.  <u>See</u> Dkt. # 6.  Respondent also alleges that Petitioner failed to exhaust administrative remedies as to his Ground One claim

3

concerning his earned credit classification level.  Id. at 4-7.  However, after Petitioner filed his

response and provided additional administrative review records, see Dkt. # 10, Respondent has

withdrawn the argument that Petitioner failed to exhaust administrative remedies.  See Dkt. # 14.

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of the
>> United States is removed, if the applicant was prevented from filing
>> by such State actions;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the exercise of
>> due diligence.
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The provisions of § 2244(d) extend to both § 2254 and § 2241 petitions.

Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006).  Petitioner's claims in this case accrued

when "the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence." § 2244(d)(1)(D).  Where a petitioner timely and diligently exhausts

his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until

the decision rejecting his administrative appeal becomes final.  Dulworth, 442 F.3d at 1268.

However, the holding of <u>Dulworth</u> does not apply where a petitioner's grievance was not timely and properly filed.  <u>Titsworth v. Mullin</u>, 415 F. App'x 50, 56 (10th Cir. 2011) (unpublished)[2]; <u>Foster v. Workman</u>, 198 F. App'x 701, 704 (10th Cir. 2006) (unpublished); <u>Whitmore v. Miller</u>, 2012 WL 2995651 (W.D. Okla. May 31, 2012) (unpublished).

In Ground One of his petition, Petitioner states that on March 17, 2013, DOC sentence administrators "arbitrarily and administratively deemed Petitioner ineligible for earned time credits for Class Levels 3 and 4," because of his placement on "escape status."  <u>See</u> Dkt. # 1 at 4.  Based on Petitioner's own statement, Respondent argues that Petitioner was aware of the factual predicate of this claim on March 17, 2013.  The Court agrees with Respondent.  Applying § 2244(d)(1)(D) to the present case, the one year statute of limitations began to run on Petitioner's Ground One claim, that he was "arbitrarily" denied placement at classification levels 3 and 4, when Petitioner could have discovered through the exercise of due diligence that he was not earning the time credits to which he claims he was entitled.  28 U.S.C. § 2244(d)(1)(D).  That date was March 17, 2013.  As a result, Petitioner's one-year limitations period began to run the next day, March 18, 2013, and expired on March 18, 2014.  <u>See</u> <u>U.S. v. Hurst</u>, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); <u>Harris v. Dinwiddie</u>, 642 F.3d 902, 907 n.6 (10th Cir. 2011).

The record reflects that Petitioner did not begin to exhaust administrative remedies for the claim raised in Ground One until March 2, 2015, when he submitted his first request to staff concerning his classification placement.  Thus, he waited almost two years after becoming aware

_____

[2]This and other unpublished opinions are cited herein for persuasive value.  <u>See</u> 10th Cir. R. 32.1(A).

5

of his claim to file his first request to staff. As a result, he failed to exhaust administrative remedies in a timely manner and his belated effort to exhaust administrative remedies does not toll the limitations period. Titsworth, 415 F. App'x at 56-57. Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's one-year limitations period for Ground One expired on March 18, 2014, and his petition, filed January 13, 2016, is untimely.

In response to the motion to dismiss, Petitioner argues that, under 28 U.S.C. § 2244(d)(1)(B), his one-year limitations period did not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by State action." See Dkt. # 10 at 2. Petitioner asserts that DOC policy changes "removed the arbitrary administrative prohibition of Title 57 § 138, class levels of earned credits, yet refused to calculate his eligibility as beginning March 2013." Id. Petitioner states that changes to DOC policies OP-060103, OP-060107, and OP-060211 became effective on or about July 2015, September 10, 2015, and December 31, 2015. Id. However, Petitioner fails to explain how the alleged DOC policy changes created an impediment to the preparation and filing of his petition for writ of habeas corpus. See Edwards v. Keith, 276 F. App'x 768, 769 (10th Cir. 2008) (unpublished) (stating that "[a] state-created impediment may delay the running of the one-year limitations period until that impediment is removed if it prevents the petitioner from filing a federal habeas petition"). Furthermore, Petitioner does not explain how the alleged impediment created by DOC policies violated the United States Constitution. Lastly, to the extent Petitioner alleges that the factual predicate of his habeas claim arose when a "State impediment" was removed in July 2015, his argument is defeated by his own admission that the policy changes took place "39 days subsequent to Petitioner's June 18, 2015, denial of

[administrative] relief." <u>See</u> Dkt. # 10 at 3.  In other words, Petitioner acknowledges that the factual predicate of his claim arose prior to the DOC policy changes.  For the reasons set forth above, the Court finds that 28 U.S.C. § 2244(d)(1)(B) does not serve to extend the limitations period applicable in this case.

In Ground Two of his petition, Petitioner alleges that, after he discharged a Florida sentence in September 2006, DOC officials did not file a detainer for his return to Oklahoma custody until April 2008, 19 months after he had discharged his Florida sentence, and that he is entitled to receive Oklahoma sentence credits for the 19 months he spent living in Texas.  <u>See</u> Dkt. # 1 at 5. Respondent fails to address the status of Ground Two in the motion to dismiss and Petitioner fails to identify when he became aware of the factual predicate of this claim.  However, the Court finds Petitioner could have discovered the factual predicate of his Ground Two claim long before he filed his petition for writ of habeas corpus.  Under Oklahoma law, an inmate receives a record of his accumulated time served on a quarterly basis.  <u>See</u> Okla. Stat. tit. 57, § 138(I) (2001).  In addition, DOC procedures require facility heads to provide an inmate with a monthly report reflecting his projected release date.  <u>See</u> OP-060211(VI)(L) (viewed at https://www.ok.gov/doc/documents/op060211.pdf).  As stated above, Petitioner's CRC demonstrates that he returned to DOC custody in November 2012.  <u>See</u> Dkt. # 6-2 at 4.  Petitioner does not allege that he failed to receive the records and reports reflecting the status of his sentence upon his return to DOC custody in November 2012.  Therefore, the Court finds that, through the exercise of due diligence, Petitioner could have discovered the factual predicate of his claim more than one year before filing his petition on January 13, 2016.  Furthermore, none of the requests to staff or grievances submitted by Petitioner concern his demand to receive 19 months of sentence credits for time spent living in

7

Texas before DOC filed a detainer for his return to Oklahoma.  As a result, Petitioner is not entitled to any statutory tolling and Ground Two of the petition is time barred.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition.  A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'"  Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his response to the motion to dismiss, Petitioner alleges that he is entitled to equitable tolling based on his argument that a "State impediment," removed in July 2015, impacted the timeliness of his habeas petition.  See Dkt. # 10 at 3.  However, as discussed above, 28 U.S.C. § 2244(d)(1)(B) does not serve to extend the limitations period applicable in this case.  Petitioner fails to identify any additional basis for equitable tolling.  Furthermore, nothing in the record suggests a basis for equitable tolling.  As a result, the Court finds Petitioner did not pursue his habeas corpus claims diligently. Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling.  Gibson, 232 F.3d at 808.

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period applicable to his claims, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Respondent's motion to dismiss (Dkt. # 6) is **granted**.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time barred.

3.      A certificate of appealability is **denied**.

4.      A separate judgment shall be entered in this matter.


**DATED** this 16th day of June, 2016.


CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE